[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12123
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cr-00025-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR BIGE MEADOWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 28, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Meadows appeals his conviction, by way of a guilty plea, for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  On appeal, Meadows asserts, for the first time, that his guilty plea was unknowing and involuntary because the district court allowed him to be misinformed as to the maximum term of supervised release that he faced.  He also argues that his guilty plea was unknowing and involuntary because the district court violated Federal Rule of Criminal Procedure 11(b) by delegating the responsibility to inform him of the mandatory minimum and maximum penalties applicable for his offense to the Government.

We generally determine the voluntariness of a guilty plea *de novo*.  *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993).  However, when a defendant fails to object to an alleged Rule 11 violation before the district court, we review for plain error.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  Under the plain error standard, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.*  An error affects a defendant's substantial rights if, but for the error, the outcome of the proceedings would have been different.  *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).  Specifically addressing Rule 11, the Supreme Court has ruled that a defendant who seeks to establish plain error "must show a reasonable probability

2

that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340 (2004).

Meadows's appeal fails. Even if we assume *arguendo* that the district court's actions were in error, and that the errors were plain, he still has not shown that he would not have pled guilty but for the errors. Meadows's attorney, speaking on behalf of Meadows at sentencing, noted previous confusion at the Rule 11 proceeding about the possible supervision term and then requested a five-year supervision term on behalf of Meadows. The Government responded, requesting a supervision term of five years or more. Although Meadows, himself, had spoken up about the supervision term at the change of plea, he remained quiet on the matter at sentencing, even when the district court offered him chances to speak. This silence strongly cuts against a reasonable probability that, but for the error, he would not have entered the plea.[1]

**AFFIRMED.**

---

[1] Our result renders it unnecessary to address the Government's contention regarding the invited error doctrine.